UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

| | |
|---|---|
| LEEP, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LAURENCE ZIELKE, an individual and ZIELKE LAW FIRM, PLLC, a Kentucky professional limited liability company and<br><br>    Defendants. | Case No.: 3:23-cv-08-DJH CHL<br><br>MOTION TO POSTPONE BRIEFING WITH RESPECT TO DEFENDANTS' MOTION TO DISMISS |

Plaintiff certifies that counsel for Plaintiff has conferred in good faith with counsel for Defendants regarding the Plaintiff's request herein for a 7-10 day extension of time to complete all briefing related to Defendants' Motion to Dismiss after the U. S. District Court, District of Oregon decides Plaintiff's motion to amend its judgment dismissing Plaintiff's complaint in that Court against the Defendants for lack of personal jurisdiction, without prejudice. Counsel for Defendants opposes the requested extension of time. The reasons for the request are discussed below.

Due to unanticipated medical problems counsel for Plaintiff Richard D. Gaines ("Gaines") had, with the consent of opposing counsel, Plaintiff has been granted several extensions of time to respond to Defendants' motion to dismiss the complaint. After the dismissal

motion was filed, new evidence came to light which Plaintiff believed justified a motion to the U.S. District Court, District of Oregon (the "Oregon Case") where this case was originally filed but was dismissed because that court felt it did not have personal jurisdiction of the Defendants. When Plaintiff discovered the new evidence, Gaines contacted opposing counsel and explained that Plaintiff would be making a motion under rule 60 to amend the order dismissing the case in Oregon to reverse the dismissal for lack of personal jurisdiction. Gaines committed that before filing he would send counsel a draft to see if it would be worth pursuing settlement discussions.

Due to additional medical problems Gaines had there was a substantial delay before the rule 60 motion could be filed which necessitated a request for additional time to respond to the motion for dismissal in this case. When Gaines was able to file the rule 60 motion in Oregon, he sent a preliminary draft of the motion to opposing counsel before filing but just a few days before the filing and not the week he had originally committed to. Under the normal briefing schedule, the rule 60 motion would have been fully briefed and submitted to the court prior to the time to respond to the motion to dismiss. If the rule 60 motion is granted, the Oregon court would retain jurisdiction of the claims in this action and this case would be dismissed. Alternatively, if rather than dismissing the complaint, without prejudice, the Oregon court transferred the case to this court, that would dramatically alter the nature of the response to the dismissal motion and probably necessitate the granting to the Defendants the right to modify their dismissal motion to address the new facts. In either event, Plaintiff believes it would be a waste of the parties' and the Court's time to brief and decide the dismissal motion if this case is to be dismissed because of a successful rule 60 motion.

Opposing counsel moved for an extension of time to July 25, 2023 to respond to the rule 60 motion in the Oregon Case. In discussions with opposing counsel, Plaintiff made clear it would not object to the extension if Defendants agreed to extend the time to respond to their dismissal motion so we would know what the result of the rule 60 motion was prior to continuing briefing. They did not agree to that condition. Their motion in Oregon was granted. As a result, unless the time to complete briefing on the pending motion to dismiss is moved to seven or 10 days after the Oregon court rules on the rule 60 motion, the parties and the Court will have to complete briefing on the dismissal motion and decide the issue when the entire case is likely to be dismissed because the Oregon court retains jurisdiction of the case. For this reason, I am requesting the court to extend the time to respond to the dismissal motion to 7 to 10 days after the rule 60 motion is decided and the defendants' time for reply be run the normal time from the filing of plaintiff's responsive brief.

The undersigned apologizes for the delay in writing this letter to the Court. Gaines had some unanticipated additional complications in his medical condition that necessitated an emergency hospitalization this past Tuesday in order to permit him to commence his chemotherapy treatments which began on Wednesday and ran through Friday as the initial treatment process. As a result of the emergency, Gaines had to have an additional type of treatment during the three day chemo therapy treatment session. In addition, Gaines now requires additional testing, scans and treatments that begin today and run through Monday July 3. The results of these tests may require that Gaines undergo additional treatments. A follow-up procedure related to his left hand problem that was scheduled for July 3 has been moved to July 5. At this time it is unclear whether Gaines will have additional side effects from these additional

treatments in addition to those that are anticipated with respect to the chemotherapy treatments. However, at this time Plaintiff is not requesting additional time to respond to the dismissal motion by the current deadline of July 10. If Gaines' side effects become more difficult than anticipated Plaintiff may need to make such a request. However, Plaintiff requests an expeditious response to this motion so Plaintiff will know whether it needs to proceed with the preparation of the response.

      Thank you for your consideration of this application.

Dated:  July 1, 2023                Respectfully submitted

                                    Arnold & Miller, PLC
                                    /s Christopher D. Miller
                                    Christopher D. Miller
                                    Email:  cmiller@arnoldmillerlaw.com
                                    121 Prosperous Place, Suite 6B
                                    Lexington, KY 40509
                                    Ph. (859) 381-9999
                                    Fax: (859) 389-6666
                                    Counsel for LEEP, Inc.

                                    Law Offices of Richard D. Gaines, Esq.
                                    /s Richard D. Gaines
                                    Richard D. Gaines
                                    Email: rdenisgaines@earthlink.net
                                    PO Box 943
                                    102 Sugarberry Lane
                                    Greentown, PA 18426-0943
                                    Ph. 570-857-0180
                                    Fax 570-857-0181
                                    Counsel for LEEP, Inc.
                                    Pro hac vice

CERTIFICATE OF SERVICE

      I hereby certify that I served the foregoing Motion to Enlarge Time to file briefing with Respect to the Motion to Dismiss of Defendants Laurence Zielke and Zielke Law Firm, including Plaintiff's Response to the Motion and the proposed agreed order on Defendants' counsel and all counsel of record by electronic means through the Court's Case Management/Electronic Case File System on the date set forth below.

Joseph A Cobb
Andrea Hunt
Attorney for Laurence Zielke and Zielke Law Firm
Cobb Law, PLLC
1303 Clear Springs Trace
Ste 100
Louisville, KY 40223
502-966-7100
Fax: 502-434-5900
Email: allancobb@cobblawpllc.com
Email: andreahunt@cobblawpllc.com

DATED: July 1, 2023        LAW OFFICES OF RICHARD D. GAINES, ESQ.

                                        /s Richard D. Gaines
                                        RICHARD D. GAINES
                                        rdenisgaines@earthlink.net
                                        PO Box 943
                                        102 Sugarberry Lane
                                        Greentown, PA 18426-0943
                                        Telephone: 570-857-0180
                                        Of Attorney for Plaintiff