UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

| | |
|---|---|
| LEEP, INC., an Oregon corporation,<br><br>        Plaintiff,<br><br>v.<br><br>LAURENCE ZIELKE, an individual and ZIELKE LAW FIRM, PLLC, a Kentucky professional limited liability company,<br><br>        Defendants. | Case No.: 3:23-cv-08-DJH<br><br>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT |

Plaintiff[1] submits this Supplemental Memorandum of Law in further support of its motion for leave to amend its complaint.

        THE TOLL OF 28 U.S.C. §1367(D) APPLIES TO A CASE REFILED IN FEDERAL COURT

At oral argument on the motion to amend the complaint, the Court raised a question about the application of 28 U.S.C.§1367(d). The question was whether the toll of 28 U.S.C.§1367(d) only applied to cases that were dismissed from federal court and refiled in state court. Under this interpretation, if the case was refiled in federal court, the toll would not apply. There are some District courts that have taken this approach. See for example *Parrish v. HBO & Co.*, 85 F.Supp.2d 792 (S.D. Ohio 1999). For the reasons set forth below, the interpretation of 28 U.S.C.§1367(d) adopted in *Parrish, supra* is clearly wrong.

---

[1] Capitalized terms shall have the same meaning in this Supplemental Memorandum of Law as in Plaintiff's main brief and reply brief in support of the motion for leave to amend.

For a period of time, different courts had different interpretations of how the toll of 1367(d) operated. In some cases, courts held that the state statute of limitations continued to run and could expire. But if the case was re-filed within 30 days after dismissal from federal court, the case was still timely. In *In re Vertrue Inc. Marketing and Sales Practices Litigation*, 719 F.3d 474 (6th Circuit 2013), the 6th Circuit adopted a suspension interpretation of the tolling provision which meant that the statute stop running while the case was pending in federal court and then started running again 30 days after it was dismissed from federal court. In 2018, the U.S. Supreme Court resolved the interpretation of the tolling provision of 28 U.S.C.§1367(d) and held that the statute of limitations was suspended during the pendency of the case in the federal court and for 30 days after the case was dismissed from federal court. After 30 days the statute began to run again. *Artis v. District of Columbia*, 583 U.S. 71, 138 S.Ct. 594, 199 L.Ed.2d 473 (2018) citing *In re Vertrue Inc., supra*, among other cases in support of its interpretation.

The interpretation of 28 U.S.C.§1367(d) adopted in *Parrish, supra* ignores a fundamental precept of statutory interpretation. As stated in *Artis, supra*, "[I]n determining the meaning of a statutory provision, we look first to its language, giving the words used their ordinary meaning. *Artis, supra* at 583 U.S. at 83 citing *Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). If Congress had intended the toll of 28 U.S.C.§1367(d) to only apply to cases refiled in state court, they would have so stated or at least referenced a case dismissed pursuant to 28 U.S.C.§1367(b) or (c). 28 U.S.C.§1367(d) puts no such limitation on where the case is refiled to have the benefit of the tolling provision. Basic principals of statutory interpretation would not impose any limitation where the statutory language does not impose such a limitation.

Finally, adopting an interpretation that limits the tolling provision to cases refiled in state court would violate a fundamental principle of diversity jurisdiction as enunciated in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 81, 782 L.Ed. 1188 (1938). *Erie, supra*, established that in a case brought in federal court based on the court's diversity jurisdiction, the state's substantive law had to be applied as applied in state court. The state's statute of limitations is part of its substantive law that a federal court in a diversity case must apply. *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 65 S.Ct. 1464 (1945). The court wanted to prevent the applicable state law in federal court from being applied differently from how it was applied in state court. See discussion in *Erie, supra* at 304 U.S. at 74-75 discussing the unintended disparate application of state law under *Swift v. Tyson*, 41 U.S. 1, 16 Pet. 1, 18, 10 L.Ed. 865 (1842) which *Erie, supra*, reversed. *Erie, supra's* purpose was to eliminate the different applications of substantive state law in diversity cases compared to the application of those laws in state court. Limiting the application of 28 U.S.C.§1367(d) to cases filed in state court but not federal diversity cases would create the same dichotomy between cases filed in state court and those filed in federal court under diversity jurisdiction that led to the reversal of *Swift, supra*.

Finally, when faced with this issue, the Sixth Circuit ruled that the toll of 28 U.S.C.§1367(d) applied to a case refiled in federal court. See *In re Vertrue Inc., supra,* where a class action filed in federal court was held to toll the claims of non-named class members during the pendency of the federal class-action pursuant to section 28 U.S.C.§1367(d). That action was dismissed without a determination of class certification and then subsequent class actions were refiled in federal court that were consolidated in a multi district litigation. The court there held the toll of 28 U.S.C.§1367(d) was applicable to the refiled class actions that were consolidated

3

into a federal multi district litigation. Also, if this interpretation were not adopted, you would have the anomalous situation where a federal tolling statute applied to cases filed in state court but not in federal diversity cases.

> THE CASE AND THE PROPOSED AMENDED COMPLAINT
> WERE, AND WILL BE, FILED WITHIN THE STATUTE OF
> LIMITATIONS

Defendants have argued that Plaintiff had in its possession the documents which led to the motion to file an amended complaint with the aider and abettor claims since November 8, 2021[2]. The Defendants have argued that Kentucky's one year statute of limitations applies and the statute of limitations expired in November 8, 2022. First, the law applicable to the aider and abettor claim in the amended complaint is governed by Oregon law not Kentucky law. Under Oregon common law there are several ways in which persons acting in concert can be held liable for each other's actions. *Granewich v. Harding*, 329 Or. 47, 53-54, 985 P.2d 788 (Or. 1999). These common-law principles are reflected in section 876 of the Restatement (Second) of Torts (1979). A person can be liable for the torts of another if he

> (a) does a tortious act in concert with the other or pursuant to a
> common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and
> gives substantial assistance or encouragement to the other so to
> conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a
> tortious result and his own conduct, separately considered,

---

[2] The thumb drive that accompanied the 13 bankers boxes of document is in a safe deposit box and the Plaintiff employee who has the key to the safe deposit box is traveling outside the country. For this reason, Plaintiff has not been able to confirm whether or not the files on the thumb drive contain all the files in the bankers boxes. However, whether or not the thumb drive contained all the files in the bankers boxes is irrelevant as the claims filed are all within the statute of limitations. Even if they were not, Defendants have not even alleged, let alone proven, any prejudice as a result of the alleged delay in the filing of the claims.

> constitutes a breach of duty to the third person. *Granewich v. Harding*, 329 Or. 47, 53-54, 985 P.2d 788 (Or. 1999)

*Granewich, supra*, makes clear that while none of them stated an independent claim, a person, such as an attorney, can be jointly liable with a person that commits a tort such as breach of fiduciary duty to a third-party. These common-law principles were adopted in Oregon by the Oregon Supreme Court in the 19th century in *Perkins v. McCullough*, 36 Or. 146, 59 P. 182 (1899) where the Oregon Supreme Court stated:

> all who aid, command, advise, or countenance the commission of a tort by another, or who approve of it after it is done, if done for their benefit, are liable in the same manner as they would be if they had done the same tort with their own hands.'" Id. at 149 (quoting Judson v. Cook, 11 Barb. 642 (NY 1852).

The breaches of fiduciary duty aided and abetted by the Defendants were those of John Nordstrom who breached his duty as an officer and director of an Oregon corporation under Oregon law. Nordstrom's actions under the principles of *Granewich, supra* and *Perkins, supra,* are attributable to Defendants and arise solely under Oregon law. In Oregon, there is a two-year statute of limitations for claims arising for attorney malpractice and breach of fiduciary duty. *Cairns v. Dole*, 195 Or.App. 742, 99 P.3d 781 (2004); *Oregon Life and Health Ins. Guar. Ass'n v. Inter-Regional Financial Group, Inc.*, 156 Or.App. 485, 967 P.2d 880 (Or. App. 1998) and *Wickenkamp v. Baum*, 2015 WL 5686746 (D. Oregon September 22, 2015).

Using Defendants' accrual date of November 8, 2021, the statute of limitations would not expire until November 8, 2023. Even ignoring the filings in the Oregon Case, and the tolling provisions of 28 U.S.C.§1367(d), the filing of this case in this Court on January 4, 2023 would be well within Oregon's two year statute of limitations. However, as shown in Plaintiffs's reply brief in support of the motion to amend at pages 3 – 5, the original complaint as well as the aider

and abettor claims in the proposed amended complaint are, and will be, timely filed even applying Kentucky's one year statute of limitations.

Defendants vigorously argued that Plaintiff unnecessarily delayed in filing their original complaint against the Defendants. However any such delay would only be of significance if the complaints was filed outside the statute of limitations. The original complaint filed against the Defendants in the Oregon Case was filed on April 21, 2022, well before the expiration of Kentucky's one year statute of limitations assuming, *arguendo*, that the accrual date was November 8, 2021. It is important to note that the Defendants never argued that any such delay caused them any prejudice because they cannot. Defendants were fully aware of all of the evidence that Plaintiff discovered. The lack of such prejudice would obviate any defense to equitable tolling even if the original complaint and the proposed amended complaint were filed outside the statute of limitations. It is also important to note that Defendants do not dispute that the proposed amended complaint arises from the same transactions and occurrences giving rise to both the original complaint against the Defendants in this case as well as the original complaint against John Nordstrom and the amended complaint adding the Defendants filed in the Oregon Case. Thus, all the complaints, original and amended, invoked the Oregon court's and this Court's supplemental jurisdiction and relate back to the original filing date of the amended complaint filed against Defendants in the Oregon Case pursuant to Fed. R. Civ. Proc. Rule 15.

CONCLUSION

For all the foregoing reasons, Plaintiff's motion to amend the complaint should be granted in all respects.

DATED: May 30, 2024

    Arnold & Miller, PLC
/s Christopher D. Miller
Christopher D. Miller
Email:  cmiller@arnoldmillerlaw.com
121 Prosperous Place, Suite 6B
Lexington, KY 40509
Ph. (859) 381-9999
Fax: (859) 389-6666
Counsel for LEEP, Inc.

Law Offices of Richard D. Gaines, Esq.
/s Richard D. Gaines
Richard D. Gaines
Email: rdenisgaines@earthlink.net
PO Box 943
102 Sugarberry Lane
Greentown, PA 18426-0943
Ph. 570-857-0180
Fax 570-857-0181
Counsel for LEEP, Inc.
Pro hac vice

CERTIFICATE OF SERVICE

      I hereby certify that I served the foregoing Supplemental Memorandum of Law in Support of Plaintiff's Motion for Leave to Amend the Complaint and the proposed Amended Complaint on Defendants' counsel and all counsel of record by electronic means through the Court's Case Management/Electronic Case File System on the date set forth below.

Joseph A Cobb
Andrea Hunt
Attorney for Laurence Zielke and Zielke Law Firm
Cobb Law, PLLC
1303 Clear Springs Trace
Ste 100
Louisville, KY 40223
502-966-7100
Fax: 502-434-5900
Email: allancobb@cobblawpllc.com
Email: andreahunt@cobblawpllc.com

DATED: May 30, 2024        LAW OFFICES OF RICHARD D. GAINES, ESQ.

                                  /s Richard D. Gaines
                                  RICHARD D. GAINES
                                  rdenisgaines@earthlink.net
                                  PO Box 943
                                  102 Sugarberry Lane
                                  Greentown, PA 18426-0943
                                  Telephone: 570-857-0180
                                  Of Attorney for Plaintiff